# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3752

———————

Strange Music, Inc.,
a Missouri Corporation,

      Appellee,

v.

Jeff Anderson,

      Appellant.

     Appeal from the United States
     District Court for the Western
     District of Missouri.

     [UNPUBLISHED]

———————

Submitted: June 16, 2011
Filed: June 30, 2011

———————

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

———————

PER CURIAM.

In this action brought by Strange Music, Inc. (SMI), claiming that Jeff Anderson engaged in trademark infringement, trademark dilution, and unfair competition, Anderson appeals from an interlocutory order in which the district court[1] entered default judgment for SMI based upon Anderson's repeated failures to comply with court orders, deemed to be true the allegations in SMI's complaint except those related to the as-yet unproven amount of damages, granted SMI a permanent

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

injunction, ordered the cancellation of Anderson's copyright registration, and awarded SMI interim attorneys' fees and costs.

We have interlocutory appellate jurisdiction to review the district court's grant of injunctive relief and its order that Anderson's copyright registration be cancelled. See 28 U.S.C. § 1292(a)(1) (courts of appeals have jurisdiction of appeals from interlocutory orders granting injunctions); Wrist-Rocket Mfg. Co. v. Saunders Archery Co., 516 F.2d 846, 848-49 (8th Cir. 1975) (although appellate court lacked interlocutory jurisdiction to determine issues of liability where amount of damages therefor had been reserved for later determination, court had jurisdiction to review part of order granting appellee permanent injunction and ordering cancellation of appellant's trademark registration).[2]

Upon careful review, we conclude that the district court did not abuse its discretion in granting SMI a permanent injunction, as the injunction was supported by facts alleged in SMI's complaint, which were appropriately deemed to be true. See Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church, 634 F.3d 1005, 1012 (8th Cir. 2011) (issuance of permanent injunction is reviewed for abuse of discretion); Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (when default judgment is entered on claim for indefinite amount of damages, facts alleged in complaint are taken as true except facts relating to amount of damages); see also Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004) (it was not abuse of discretion to grant unopposed motion for

---

[2] We lack interlocutory appellate jurisdiction to review the award of attorneys' fees and costs. See Rosenfeld v. United States, 859 F.2d 717, 720 (9th Cir. 1988) (interim fee award was not appealable where it did not dispose of underlying litigation, did not come after final judgment on merits, and did not even dispose of issue of attorneys' fees); Hastings v. Maine-Endwell Cent. Sch. Dist., 676 F.2d 893, 896 (2d Cir. 1982) (even if injunctive relief and interim attorneys' fees had been granted as parts of same order, fee award would not properly have been regarded as part of injunction).

default judgment where defendants received fair opportunity to contest allegations of discovery failures and chose not to do so). We also conclude that it was appropriate for the district court to order the cancellation of Anderson's copyright registration. See 17 U.S.C. § 1324 (court, when appropriate, may order cancellation of registration of design).

Accordingly, we affirm the grant of injunctive relief and affirm the order that Anderson's copyright registration be cancelled, and we remand this case to the district court for further proceedings.

_____